HENRY A. CRANDALL *vs.* CHARLES McILRATH, Receiver.

September 14, 1877.

**Verdict—When Consistent with Answer to Question.**—Consideration of the defendant's claim, that the general verdict in this case is inconsistent with the answer to a question, submitted to the jury by the court.

Negligence—Master and Servant—Fellow Servant—Burden of Proof.—Where a servant seeks to charge his master for negligence in employing an unfit fellow servant, through whose unfitness the former is injured, the proper rule of proof is that when the unfitness is shown to have existed at the time of employment, a *prima facie* case of negligence is made out against the master, and the burden is upon him to disprove negligence.

This action was brought against Charles McIlrath, as the receiver of the Southern Minnesota Railroad Company, to recover damages for injuries sustained by the plaintiff while in the service of the defendant; and was based upon the alleged negligence of the defendant in employing an unskilful engineer, named Johnson, through whose alleged want of skill the plaintiff claimed to have been injured. It appeared from the evidence that Johnson, contrary to his own wishes, had been transferred from the position of fireman to that of engineer or train dispatcher, by the foreman of the defendant's shops at Wells; and that Waters, the superintendent of machinery, and authorized agent of the defendant for the employment of engineers, had knowledge of and acquiesced in Johnson's appointment. Upon the trial of the cause, after the plaintiff had introduced certain rebutting testimony and closed his case, the defendant offered John McCormick to contradict the statement of a witness who had last testified for the plaintiff; but the court refused to admit the evidence, upon the ground that it was not in the proper order of testimony, to which ruling the defendant duly excepted. The case was tried in the district court for Freeborn county, by *Page*, J., with a jury, and a verdict having been rendered for the plaintiff, the defendant moved for a new trial, and this motion having been overruled the defendant appealed.

*J. W. Losey*, for appellant.

In order to make out a case it was essential for the plaintiff to show that an act of carelessness or incompetence upon the part of the engineer was the proximate cause of the accident; that such engineer was generally careless and unfit for the position he held; and that the receiver, or his agent duly

authorized to hire and discharge engineers, was personally negligent in employing or retaining the said engineer. *Cooper v. M. & P. du C. R. Co.* 23 Wis. 668; *Foster v. Minn. Cent. R. Co.* 14 Minn. 360; *Farwell v. B. & W. R. Co.* 4 Met. 49; *Hutchinson v. Newcastle R. Co.* 5 Wels. Hurl. & G. (Exch.) 343; *Davis v. D. & M. R. Co.* 20 Mich. 105; *Mich. Cent. R. Co. v. Dolan,* 32 Mich. 510.

The mere fact that the injury arose from the negligence of the engineer is not evidence that the defendant was chargeable with negligence in his appointment; *(Cooper v. M. & P. du C. R. Co.* 23 Wis. 668; *Feltham v. England, L. R.* 2 Q. B. 33;) neither can any adverse presumption be deduced from the fact that the engineer had recently been promoted from the position of fireman, *(Haskins v. R. Co.* 65 Barb. 129; *Edwards v. R. Co.* 4 F. & F. 53; *Mich. Cent. R. Co. v. Dolan,* 32 Mich. 510,) or had expressed to the defendant a want of confidence in his own capacity to fill the new position. *Mich. Cent. R. Co. v. Dolan, supra.* Unless the engineer had a general and notorious reputation for unfitness, the defendant could not have been charged with constructive notice of his incapacity, *(P. Ft. W. & C. R. Co. v. Ruby,* 38 Ind. 294; *Frazier v. Penn. R. Co.* 28 Penn St. 104; *Davis v. D. & M. R. Co.* 20 Mich. 105,) and was not bound to discharge him for a slight unfitness, *(Baulec v. N. Y. & H. R. Co.* 62 Barb. 623; *Moss v. Pac. R. Co.* 49 Mo. 167,) or a single careless act.

It is established by the evidence that the engineer was not employed by an agent having authority to employ or dismiss engineers, and therefore the defendant cannot be charged with notice of any negligence upon the part of the person who actually employed him. *Mich. Cent. R. Co. v. Dolan,* 32 Mich. 510; *Feltham v. England, supra; Malone v. Hathaway,* N. Y. Court of Ap. 1876, 1 Law & Eq. Rep. 136; *P. Ft. W. & C. R. Co. v. Ruby,* 38 Ind. 294; *Foster v. Minn. Cent. R. Co.* 14 Minn. 360; *Gildersleeve v. Ft. W. J. & S. R. Co.* 33 Mich. 133; *Shunck v. N. C. R. Co.* 25 Ind. 462; *Thayer v. St. L. A. & T. H. R. Co.* 22 Ind. 26; *C. & I. R. Co.*

v. *Arnold*, 31 Ind. 174. Moreover, the verdict of the jury is inconsistent, and therefore cannot stand. It is not only found that the negligence of the defendant was the cause of the injury to the plaintiff, but also that that negligence of the defendant consisted in his employment of the engineer when he believed him to be incompetent. It is clear, however, that this finding does not establish the unfitness of the engineer. The mere belief of the defendant did not subject him to an action; it was essential that the engineer should have been unfit in fact.

*Stacy & Tyrer* and *Lovely & Parker*, for respondent.

It was the affirmative duty of the defendant to furnish the plaintiff skilled and competent fellow servants, (*Lanning* v. *N. Y. C. R. Co.* 49 N. Y. 521; *McMahon* v. *Davidson*, 12 Minn. 357; *Davis* v. *D. & M. R. Co.* 20 Mich. 105; 1 Redf. on Railw. 544, 552, 553; *Roback* v. *Pac. R. Co.* 43 Mo. 187; *Brabbitts* v. *C. & N. W. R. Co.* 38 Wis. 289; *Patterson* v. *P. & C. R. Co.* 76 Pa. St. 389; S. C. 18 Amer. Rep. 412; *Le Clair* v. *First Div. St. P. & Pac. R. Co.* 20 Minn. 9,) and therefore, when it is made to appear that the engineer was in this instance incompetent, the burden devolves upon the defendant not only to show that he used reasonable diligence to ascertain his competency before employing him, but also that no notice or knowlenge of his incompetency had, in fact, come to the defendant, or was, or could have been, discovered by him by the use of ordinary diligence. Moreover, the defendant had notice of the engineer's incompetency, and was therefore clearly liable. *Filke* v. *B. & A. R. Co.* 53 N. Y. 549; *Brothers* v. *Carter*, 52 Mo. 372; *C. & N. W. R. Co.* v. *Jackson*, 55 Ill. 492; *Lanning* v. *N. Y. C. R. Co.* 49 N. Y. 521.

BERRY, J. The plaintiff, while acting as a brakeman on the Southern Minnesota Railroad, was so injured while coupling cars that it became necessary to amputate his leg. At the time of the injury the railroad was in the hands of the defendant, as a receiver, appointed by the circuit court of the United States for the district of Minnesota. The plaintiff

seeks in this action to recover damages for his injury from the defendant, upon the ground that defendant was guilty of negligence in employing an unfit engineer, through whose unfitness the injury occurred.

The jury brought in a general verdict for the plaintiff for $3,000. They also returned the following answers to the following questions submitted to them by the court:

*First.* Was the negligence of the defendant the cause of the injury to the plaintiff in this case? *Answer.* Yes.

*Second.* If yes, state how, and in what respect, the defendant was negligent. *Answer.* By the defendant employing Mr. Johnson, engine dispatcher, believing him incompetent.

The defendant claims that the general verdict should be set aside because it is inconsistent with the answer to the second question.

1. The plaintiff's cause of action, as set up in his complaint, was based upon the negligence of the defendant in employing an unfit engineer, by whose unfitness the plaintiff was injured. The allegations of the complaint setting up this cause of action were put in issue by the answer. Construed as it should be, with reference to the issues thus framed, the general verdict in favor of the plaintiff involves findings that the engineer was unfit; that the plaintiff's injury was occasioned by his unfitness, and that the defendant was guilty of negligence in employing him. The answers to the first and second questions submitted to the jury may properly be considered together, and with mutual reference to each other. The issues presented to the jury being as above stated, the answer to the first question necessarily involves a finding, that the engineer was, in fact, unfit, upon the pleadings and evidence, and the whole theory of the case. It was only on account of his unfitness that the defendant's alleged negligence in employing him could have produced the injury complained of. Reading the answer to the second question by the light of the answer to the first, the jury may well be taken, then, to have answered the second upon the basis that they had already

found the fact of the engineer's unfitness on their answer to the first. In other words, that the second question was in effect this, viz.: "Assuming that the engineer was unfit, and that his unfitness occasioned plaintiff's injury, and that the defendant was negligent in employing him, how and in what respect was defendant negligent?"

In this view of the question the answer was certainly not inconsistent with the general verdict. If the answer was less full than the defendant thought desirable, he should have called attention to this objection when the verdict and the answer came in.

2. The court certainly had the right, in its discretion, to exclude the testimony of John McCormick, offered as it was in disregard of the proper order of testimony, and we see no reason whatever for supposing that its discretion was abused.

3. The other positions taken by the defendant here are, in effect, that the verdict is not justified by the evidence.

In our opinion there was, upon all the material issues in the case, competent and substantial evidence which had a reasonable tendency to support the verdict. There was evidence reasonably tending to show that the engineer was unfit; that the plaintiff's injury was occasioned by his unfitness; that the defendant was guilty of negligence in employing the engineer; that the plaintiff was guilty of no negligence contributing to the injury; and there was also evidence (the force and effect of which is not questioned) showing the nature and extent of the plaintiff's injury. In this state of the evidence a well established and familiar rule forbids the disturbance of the verdict. We do not deem it necessary to refer particularly to the testimony for the purpose of specifically pointing out that which tended to establish these facts, with the exception of the evidence of defendant's negligence.

As in other cases of actions for damages arising from negligence, the burden of showing negligence is upon the plaintiff. When a servant seeks to charge his master for negligence in employing an unfit fellow servant, through whose unfitness

the former servant is injured, we think the proper rule of proof to be, that when the unfitness is shown to have existed at the time of the employment, a *prima facie* case of negligence is made out against the master, and the burden is upon him to disprove negligence. The application of this rule to the case at bar is this: Upon the issues and evidence in the case the verdict of the jury is to be taken as finding that the engineer was unfit at the time of his employment, and that his unfitness caused the plaintiff's injury. There was, then, evidence in the case tending to show that the defendant was guilty of negligence in employing the engineer, and it was for the jury to determine whether the effect of that evidence was overthrown, and we cannot, upon the testimony in the case, say that their determination that it was not was not justified.

In this view of the case, too, the questions whether Chalmers had any authority to appoint an engineer, and whether notice to him of the engineer's unfitness was notice to the defendant, become comparatively unimportant. Whether Chalmers had authority to appoint Johnson engineer or not, the fact is clearly established that Johnson was appointed engineer, and that he acted as engineer with the knowledge of Waters, who was authorized to appoint engineers, and who represented the defendant for that purpose. No matter, then, how or by whom he was originally appointed, the appointment was recognized and ratified by the proper authority, and it was therefore just as much the defendant's duty personally, or through his representative Waters, to use due diligence to ascertain his fitness for his place, as if his original appointment had been entirely regular. And it was for the jury to determine whether the evidence of any diligence used by either of them was sufficient to overcome the presumption of negligence raised by proof of the engineer's unfitness.

This disposes of all the substantial questions presented in the case, and the result is that the order refusing a new trial is affirmed.

NOTE.—In this case the appellant subsequently moved for a re-argument, which motion, after argument, was denied, October 10, 1877, by the court.